The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BOBBY BARNARD BEASLEY,<br><br>Defendant. | NO. 2:18-cr-00145-RAJ<br><br>ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on Defendant Bobby Barnard Beasley's motion for compassionate release. Dkt. 101. Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained herein.

## I. BACKGROUND

Mr. Beasley is a 32-year-old inmate currently detained at Federal Correctional Institution Sheridan. On July 30, 2019, he pled guilty to one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) and one count of Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g)(1). Dkt. 76. On November 1, 2019, Mr. Beasley was sentenced to 41 months of imprisonment, to be followed by three years of supervised release. Dkt. 91. He now moves for compassionate release arguing that he presents extraordinary and compelling reasons for immediate release.

ORDER - 1

# II. DISCUSSION

## A.     Legal Standard for Compassionate Release

18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission's policy statement, in turn, says that a court may reduce a term of imprisonment if "the defendant is not a danger to the safety of any other person or to the community" and "extraordinary and compelling reasons warrant such a reduction." United States Sentencing Guidelines ("USSG") § 1B1.13. The policy statement clarifies that such reasons exist when (1) "the defendant is suffering from a terminal illness" or (2) "the defendant is suffering from a serious physical or mental condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13 cmt. n.1. The policy statement also directs a court to consider the factors set forth in 18 U.S.C. § 3553(a) in deciding whether compassionate release is appropriate and what form compassionate release should take. USSC § 1B1.13 cmt. n.4.

Mr. Beasley's motion seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. As amended, § 3582(c)(1)(A) permits an inmate, who satisfies certain statutorily mandated conditions, to file a motion with the sentencing court for "compassionate release." As relevant to Mr. Beasley's motion, the statute now provides:

> (c) Modification of an imposed term of imprisonment. --The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from

> the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The relevant statute gives this Court authority to reduce a previously imposed sentence if three requirements are satisfied: (1) the inmate has either exhausted administrative review of the Bureau of Prison's failure to bring such a motion, or waited until 30 days after the request was made to the warden where the inmate is housed if that is earlier; (2) the inmate has presented extraordinary and compelling reasons for the requested reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement.

### B.     Exhaustion of Administrative Remedies

Prior to considering the merits of Mr. Beasley's compassionate release motion, the Court must determine whether he has met the statutory exhaustion requirement for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). The parties agree that he has satisfied this requirement by submitting a request to the warden of FCI Sheridan on June 26, 2020. Dkt. 101, Ex. 3. His request was denied by the warden on July 1, 2020. Dkt. 101, Ex. 4. As the statutorily required 30-day period has expired, Mr. Beasley's motion is properly before the Court.

///

///

///

ORDER - 3

### C. **Extraordinary and Compelling Circumstances.**

The Court must next determine if extraordinary and compelling circumstances warrant a reduction of Mr. Beasley's term of imprisonment. *See* 18 U.S.C. § 3582(c)(1)(A)(i); USSG § 1B1.13.

The policy statement referenced in § 3582(c)(1) was promulgated by the Sentencing Commission pursuant to the authority Congress vested in it in 28 U.S.C. § 994. That statute provides:

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

28 U.S.C. § 994(f).

Consistent with this statute, the applicable policy statement can be found at Section 1B1.13 of the United States Sentencing Guidelines. That statement provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction…
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g); and
>
> (3) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>  (4) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13 (2019).

In the commentary, the Commission goes on to explain what constitutes "extraordinary and compelling reasons" to support a reduction in sentence. Specifically,

Application Note 1 provides that extraordinary and compelling reasons exist if the defendant is suffering from a serious physical or medical condition…that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt.n.1.

Mr. Beasley's motion for compassionate release is based primarily on his argument that his medical conditions, specifically obesity, asthma, and hypertension, place him at serious risk of complications or potentially death should he become infected with coronavirus-19 (COVID-19). In addition to these medical conditions, Mr. Beasley indicates he suffers from Post-Traumatic Stress Disorder (PTSD) and Major Depressive Disorder, mental conditions that he claims elevate his risk for complications should he contract COVID-19. Dkt. 101.

The government maintains that relief is unwarranted, arguing that at the time the presentence report was prepared in October 2019, Mr. Beasley claimed he was in good health, that he was not on any medications nor under a doctor's care for any medical conditions. Dkt. 112, PSR ¶ 59. The government indicates Mr. Beasley's body mass index calculation indicates he is overweight but not obese, that his claims of suffering from asthma and hypertension are not supported by his medical records, and that even if he did suffer from these conditions, the currently available evidence suggests they do not present a significantly heightened risk of complications from COVID-19. Dkt. 112.

Before the Court analyzes Mr. Beasley's health related concerns, the issue of the conditions of his place of incarceration must be addressed.

///

///

///

///

///

If Mr. Beasley serves the balance of his custodial time at FCI Sheridan, the current (August 26, 2020) conditions at that facility according to the BOP website https://www.bop.gov/coronavirus indicate:

| | |
|---|---|
| Inmates Positive: | 2 |
| Staff Positive: | 0 |
| Inmate Deaths: | 0 |
| Staff Deaths: | 0 |
| Inmates Recovered: | 0 |
| Staff Recovered: | 0 |

While any number of positives of the virus are of significant concern to this Court, it would appear the potential effects of COVID-19 at that facility would be minimal considering the current pandemic record at FCI Sheridan.

Mr. Beasley's motion is devoid of any showing that FCI Sheridan is unequipped to provide appropriate medical treatment if he were to become infected with the virus. Nor does Mr. Beasley assert any facts to demonstrate that he faces a greater risk while in custody than what he would face in the community upon his release.

The Court now turns to Mr. Beasley's mental and physical conditions.

To be eligible for this Court to exercise its discretion for a reduced sentence, Mr. Beasley bears the burden to show "extraordinary and compelling reasons" that meet the directives set by Congress and the Sentencing Commission for compassionate release to be granted. *See Riley v. United States,* C19-1522 JLR 2020 WL 1819838 at *7 (W.D. Wash. Apr. 10, 2020); *United States v. Greenhut,* No. 2:18-CR-00048, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020. While Mr. Beasley has articulated health conditions, the facts of his current health do not warrant granting the relief he seeks for a variety of reasons.

When Mr. Beasley was originally sentenced, the Presentence Investigation Report dated October 15, 2019 reflected Mr. Beasley's own opinion that he was in good health, not on medications, and not under the care of a physician. PSR ¶ 59. When he was initially booked into the Federal Detention Center at Sea-Tac on this matter, he did not report any problems with obesity, his respiratory system, or hypertension.

Mr. Beasley's motion regarding his asthmatic condition provides limited medical evidence about the severity of his condition. At best, the records reflect that he did seek treatment for shortness of breath and wheezing. The only treatment for his complaint was a single prescription for medication. While he may dispute the finding of his medical record, the record reflects that by December 18, 2019 his asthma diagnosis was considered resolved. Dkt. 103, Ex. 6, at 47. The same outcome occurred after his June 11, 2020 medical consult. Despite his subjective claim of wheezing and shortness of breath, his lungs were clear, and he was prescribed the same medication. Again, the medical records provided by Mr. Beasley do not indicate any objective signs of asthma and certainly no reference to his asthma as severe or even moderate to suggest that the degree of his condition for which he sought treatment might place him at an increased risk of serious illness from COVID-19.

Mr. Beasley next contends he has high blood pressure. The government tacitly suggests that this claim as well as his seeking treatment for asthma were made coincidentally close in time to the filing of his original motion for compassionate release. While not directly stating it, the government is inferring fabrication of the extent of his medical conditions. This Court is in no position to make that determination nor does it need to do so. The Court relies upon medical evidence, not prosecutorial suspicion.

As to Mr. Beasley's claim of high blood pressure, the Court agrees with the government's review of the medical records. The first and only time a medical provider noted a concern was June 11, 2020. Mr. Beasley was tested then and again on July 25, 2020 when his readings were lower. While still elevated, the treating physician did not find it significant enough to recommend any particular treatment. At best, the record,

including the CDC Guidelines, suggest that such a condition *might* increase risk of severe illness from COVID-19.  This record does not support a finding that Mr. Beasley suffers from a condition that warrants an extraordinary and compassionate reason for his early release from prison.

Next, Mr. Beasley contends his body mass index places him at a level for increased risk of complications from COVID-19.  There is dispute between the parties regarding his height for purposes of calculating if he fits into the category of being obese or merely overweight.  The last recorded weight and height for Mr. Beasley appears to have been 182 lbs. with a height of 5' 6".  The Court relies upon the medical records and finds that while Mr. Beasley may be overweight, he does not meet the criteria for being obese to warrant the relief he seeks.

Last, the government does not dispute that Mr. Beasley suffers from Post-Traumatic Stress Disorder (PTSD) and Major Depressive Disorder.  Dkt. 112, p. 6.  The medical records provided by Mr. Beasley confirm that he takes medication to address these illnesses and the record suggests they are "making him feel better" and "working well."  Dkt. 103, Ex. 5, at 10, 14 and 15.  In addition, Mr. Beasley has only sought mental health treatment once, on June 10, 2020, and that was limited to renewing his medication prescription.  Dkt. 103, Ex. 5, at 8; Dkt. 114, Ex. A.  There is no reference in the medical records to suggest that he complained to medical staff about the need for increased care or treatment for his mental health issues.

While some courts have held, as argued by the government, that the Sentencing Commission's policy statement on compassionate release remains controlling in the wake of the First Step Act, this Court agrees with the position taken by numerous courts that the "old policy statement provides helpful guidance, [but]…does not constrain [a court's] independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3852(c)(1)(A)."  *United States v. Cosgrove, Id.; United States v. Rodriguez*, 2020 WL 1627331, (E.D. Penn. Apr. 1, 2020); *United States v. Almontes,* 2020 WL 1812713 (D. Conn. Apr. 9, 2020); *United States v. Haynes,* No. 93 CR1043

(RJD), 2020 WL 1941478 (E.D. N.Y. Apr. 22, 2020); and *United States v. Maumau,* No. 2:08-cr-00758-TC-11, 2020 WL 806121 (D. Utah, Feb. 18, 2020).

This Court has made the independent assessment of Mr. Beasley's claims and finds they do not rise to the level to support granting his request for compassionate release.

### D. Safety of Others

The Court next turns to whether Mr. Beasley presents a danger to the safety of any other person or to the community. *See* U.S.S.G. §1B1.13(2). In making this determination, the Court looks to the nature and circumstances of the underlying offense, the weight of evidence against him, his history and characteristics, and the nature and seriousness of the danger his release would pose to any person or the community. 18 U.S.C. §3142(g). The Court may not reduce a defendant's sentence unless it finds that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

While conceding his criminal history is extensive, Mr. Beasley argues it consists primarily of crimes he committed when he was a younger man and misdemeanor driving offenses. He indicates his most serious conviction, for armed robbery, occurred in 2011, when he was 22 years old. Dkt. 101, PSR ¶¶ 22–35. Mr. Beasley states he is eligible for placement in a residential reentry center program (RRC) in early November 2020 and asserts that any risk of his danger to others or the community would be mitigated by the strict conditions of supervision that he would be subject to in the RRC. Dkt. 101.

The government argues Mr. Beasley's lengthy criminal history, the nature of his convictions, the nature of his current offense, and his repeated possession of firearms preclude a finding that he is no longer a danger, and that nothing about the current global COVID-19 pandemic reduces his danger to others and to the community. Dkt. 112. The Court agrees.

Mr. Beasley's first firearm offense occurred at age 16 in 2004. He continued his connection with dangerous weapons again in 2007 with a Felon in Possession of a Firearm conviction, again with a First Degree Robbery with a Deadly Weapon conviction in 2011, and the instant offense involved a loaded Glock .40 caliber semiautomatic pistol in the center console of his vehicle and a loaded extended magazine for a .40 caliber Glock in his residence. PSR, pgs. 8-9. While the prior offenses may be somewhat dated, Mr. Beasley continues to reengage with firearms. His engagement in a drug trafficking scheme and firearms raises significant concerns and cause this Court to conclude that early release is not appropriate in the interest of safety to the community.

### E. Other 18 U.S.C. § 3553(a) Factors

In determining whether to grant Mr. Beasley's compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Court also considers the relevant factors other than noted above as set forth under 18 U.S.C. § 3553(a). These factors include the need for the sentence imposed, the kinds of sentences available, promoting respect for the law, providing just punishment for the offense, avoiding unwarranted sentencing disparities, and providing medical care in the most efficient manner. 18 U.S.C. § 3553(a)(2)(B, C, D); 18 U.S.C. § 3582(c)(1)(A).

Mr. Beasley argues that when the Court sentenced him to his 41-month term of imprisonment, the Court could not have contemplated the current conditions of his confinement, where he is subject to a significant risk of exposure to a disease that, given his medical conditions, could result in serious injury or even death. Mr. Beasley contends this is a profound change in circumstances which warrants a reduction in his sentence. Dkt. 101.

The Court agrees with Mr. Beasley that at the time he was sentenced, the Court could not have factored in the concerns of the virus. At sentencing, the Court did, however, consider Mr. Beasley's history and characteristics and found that the custodial sentence was necessary and appropriate to promote respect for the law, provide just

punishment, and to avoid unwarranted sentencing disparities. None of the arguments Mr. Beasley now advances in support of his motion support a rebalancing of the §3553 (a) factors or conversion of the balance of his previously imposed sentence to time served or early release.

### III.  CONCLUSION

For the foregoing reasons, Defendant Bobby Barnard Beasley's motion for compassionate release is **DENIED**.

DATED this 26th day of August, 2020.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge